**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

BIG DOG ENERGY LLC,           )
                                     )
           Plaintiff,         )
                                     )    Civil No. 3:23-11
           vs.              )    Judge Stephanie L. Haines
                                     )
EZ BLOCKCHAIN, LLC,          )
                                     )
           Defendant.      )

**OPINION**

Pending before the Court is a Motion to Dismiss (ECF No. 6) filed by Defendant EZ Blockchain, LLC ("EZB"). By way of background, Plaintiff Big Dog Energy, LLC ("Big Dog") commenced this action against EZB by filing a single count Complaint in the Court of Common Pleas of Clearfield County, Pennsylvania on November 14, 2022 (ECF No. 1-2) alleging breach of contract. Specifically, Big Dog alleges EZB breached the terms of a written Sales Agreement and an oral Services Contract between the parties by refusing to pay outstanding balances and invoices owed to Big Dog by EZB relating to data mining operations at a natural gas well located in Clearfield County, Pennsylvania.

On January 17, 2023, EZB removed the matter to this Court on the basis of diversity jurisdiction (ECF No. 1). EZB now moves to dismiss the Complaint by arguing that Big Dog has failed to adequately plead a breach of contract claim against EZB under either the written Sales Agreement or the oral Services Contract. For the foregoing reasons, the Motion will be GRANTED IN PART and DENIED IN PART.

1

## I.     Factual and Procedural Background

The following facts are accepted as true for the purpose of the pending Motion to Dismiss (ECF No. 6):

In or about July 2021, Big Dog and EZB entered into agreements for the purposes of establishing mobile data mining operations at a well owned by Big Dog in Clearfield County, Pennsylvania (the "Well") ECF No. 1-2 at ¶6.  On or about July 12, 2021, Big Dog and EZB executed a sales agreement, dated July 21, 2021 ("Sales Agreement") which provided, *inter alia*, that:  Big Dog would make available for sale, and EZB would purchase, certain quantities of natural gas to power mobile data mining operations; Big Dog would provide space at the Well for EZB to operate mobile data centers but EZB was responsible for constructing, maintaining, and operating the centers; Big Dog would provide EZB with invoices on a monthly basis; EZB would pay all invoices within 30 days of the date of the invoice; either party would have the right to terminate the Sales Agreement at any time upon 90 days written notice or 30 days written notice in the event of a material breach; and upon termination, EZB would pay all sums due and owing. *Id.* at ¶7, ECF No. 1-2 at pp. 9-15.

Big Dog asserts that though the Sales Agreement stated EZB would be responsible for constructing, installing, maintaining, and operating the mobile data centers, EZB required assistance in performing these functions.  *Id.* at ¶8.  On or about July 21, 2021, Big Dog and EZB entered into a supplemental oral agreement for certain services (the "Services Agreement") wherein Big Dog agreed to perform various services and incur various costs on behalf of EZB related to constructing, installing, maintaining, and operating the mobile data centers, and EZB agreed to pay for those services and costs incurred by Big Dog.  *Id.* at ¶9.

Big Dog pleads that the Services Agreement was reflected in a July 21, 2021 e-mail, which is attached to the Complaint as Exhibit "B" (ECF No. 1-2 at p. 17). The email is from Big Dog principal Matthew Anderson and is addressed to the following email addresses: vr@ezblockchain.net; krimildo.lane@ezblockchain.net;  sergii@ezblockchain.net; nick@zrmcontracting.com; zack@zrmcontracting.com, and shafferweldingco@gmail.com.

The subject is "Today's Conversation", and the body of the email states:

Guys,

Per my conversation with Krim today. If EZ Blockchain can give us addresses to pick up all of their equipment I will cover all expenses for EZ Blockchain at this time and bill you back later for work performed by ZRM on your behalf. We will set up the equipment and notify you when its ready so you can set up with your miners. Sergii and Vlad please advise and we will get this done within the next week.

Thanks,
Matt Anderson

After entering into the Services Agreement, Big Dog began performing services for and incurring costs on behalf of EZB (ECF No. 1-2 at ¶10). When EZB failed to pay the invoices when due, Big Dog then terminated the Sales Agreement. *Id.* at ¶¶11-13. Big Dog alleges EZB has failed to pay $92,424.50 in outstanding invoices. *Id.* at ¶14. Exhibit "C" to the Complaint shows the outstanding invoices are comprised of: an invoice from non-party Environmental Compression Services, Inc. to EZB; three invoices from non-party Altoona Crane & Rigging, Inc. billing services to EZB; a copy of a check from Sandy Energy LP to non-party GW Ridge LLC in the amount of $72,670.75; and an invoice from non-party WTC Gas Field Services, Inc. to Big Dog. *Id.* at pp. 19-25.

## II.     Legal Standard

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled

3

to relief." The purpose of Rule 8(a)(2) is to give the defendant fair notice of what the claim is and the grounds upon which it rests.

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 664. To avoid dismissal, plaintiffs "must allege facts to 'nudge [their] claims across the line from conceivable to plausible.'" *Mann v. Brenner,* 375 F. App'x 232, 235 (3d Cir. 2010) (quoting *Twombly,* 550 U.S. at 570).

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. In this regard, legal conclusions must be supported by factual allegations. *Id.*; *see also Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth"). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

This Court may not dismiss claims merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at

563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a complaint that provides adequate facts to establish "how, when, and where" will survive a motion to dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009). In short, a motion to dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

### III. Analysis

To state a claim for breach of contract under Pennsylvania law, a plaintiff must establish: "(1) the existence of a contract, including its essential terms; (2) a breach of duty imposed by the contract; and (3) resultant damages." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225-226 (3d Cir. 2003) (quoting *CoreStates Bank, N.A. v. Cutillo*, 1999 PA Super 14, 723 A.2d 1053, 1058 (Pa. Super. 1999)). Though every term of a contract need not be stated in complete detail, every element must be specifically pleaded. *CoreStates Bank, N.A.*, 723 A.2d at 1058. In determining whether the first of these elements is met, courts examine whether: (1) both parties manifested an intention to be bound; (2) the terms of the agreement are sufficiently definite to be enforced; and (3) there was consideration. *ATACS Corp. v. Trans World Communications, Inc.*, 155 F.3d 659, 666 (3d Cir. 1998) (citing *Johnston the Florist, Inc. v. TEDCO Constr. Corp.*, 441 Pa. Super. 281, 657 A.2d 511, 516 (Pa. 1995)). Further, in cases "involving contracts wholly or partially composed of oral communications, the precise content of which are not of record, courts must look to the surrounding circumstances and course of dealing between the parties in order to ascertain their intent." *Mountain Props. v. Tyler Hill Realty Corp.*, 2001 PA Super 45, 767 A.2d 1096, 1101 (Pa. Super. 2001).

EZB first contends that Big Dog has failed to sufficiently allege that EZB breached any term of the Sales Agreement, and therefore, Count I must be dismissed to the extent it is based on a breach of the Sales Agreement. The Court agrees. Big Dog has not pleaded any provision of the Sales Agreement that requires the payment of the outstanding invoices, nor does Big Dog identify any provision the Sales Agreement that EZB supposedly breached. Accordingly, the Court will grant the motion to dismiss as to the breach of contract claim against EZB under the Sales Agreement.

However, Big Dog's claim relating to the outstanding invoices appears to be premised on EZB's alleged breach of the oral Services Agreement between the parties. EZB argues that Big Dog has failed to allege facts showing i) that the Services Agreement is an enforceable contract, ii) the terms of the Services Agreement, or iii) that EZB breached the Services Agreement (ECF No. 7 at p. 2). In response, Big Dog contends it has plainly alleged the existence of the oral Services Agreement and its essential terms by pleading that EZB agreed to pay for services and costs incurred by Big Dog related to constructing, installing, maintaining, and operating the mobile data centers, and the outstanding invoices represent these costs (ECF No. 9 at p. 3).

The Court agrees with EZB that the outstanding invoices and July 21, 2021 email do not themselves act to form a contract between the two parties. The outstanding invoices do not show that they were incurred by Big Dog on behalf of EZB and the text of the email is at best a unilateral request from Big Dog to EZB asking for approval to retain non-party vendor ZRM, a request which may or may not have ever been responded to by EZB.

Nonetheless, Big Dog has pleaded that it orally agreed to perform site-preparation services for EZB, and, in exchange, EZB agreed to reimburse Big Dog for those services. When dealing with an oral contract, "courts must look to surrounding circumstances and

the course of dealings between the parties, to ascertain the intention of the parties." *Westinghouse Elec. Co. v. Murphy, Inc.*, 425 Pa. 166, 228 A.2d 656, 659 (Pa. 1967) (internal citations omitted); *see also, Deemac Servs., LLC v. Republic Steel*, Civil Action No. 2:20-cv-1466, 2023 U.S. Dist. LEXIS 14818, at *17-18 (W.D. Pa. Jan. 25, 2023) (denying summary judgment on breach of oral contract claim as "determining whether the parties reached a mutual agreement—and thus, established an enforceable contract—will require the resolution of factual questions").  Here, the Complaint pleads EZB agreed to the oral Services Contract and that Big Dog paid the outstanding invoices on behalf of EZB pursuant to that agreement.  Accepting as true Big Dog's allegations, and construing those allegations in the light most favorable to Big Dog, the surrounding circumstances indicate the parties had a working relationship that extended beyond the scope of the Sales Agreement.  Resolution of the scope of the Services Agreement will require the "resolution of factual questions".  *See Deemac*, at *19.  Accordingly, the Court will deny the motion to dismiss as to Big Dog's claims against the EZB relating to the oral Services Contract.

## IV.     Conclusion

At this stage in the proceedings, a plaintiff need only set forth sufficient facts to state a claim to relief that is plausible on its face and allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The Court finds the Complaint sets forth a breach of contract claim against EZB as to the oral Services Contract, and EZB is directed to file its answer and affirmative defenses to that claim on or before July 10, 2023.  An appropriate Order follows.

Date:

Stephanie L. Haines
United States District Judge